**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                          |   |                          |
|--------------------------|---|--------------------------|
| JAN GAWLIK,              | : |                          |
|      Plaintiff,          | : | Case No. 3:21-cv-743 (OAW) |
|                          | : |                          |
|      v.                  | : |                          |
|                          | : |                          |
| STROM, et al,            | : |                          |
|      Defendants.         | : |                          |
|                          | : |                          |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendants' Motion for Summary Judgment and supporting memorandum (together, "Motion").  See ECF Nos. 112 and 112-1. The court has reviewed the Motion; Defendants' Local Rule 56(a)1 statement ("SOF"), ECF No. 112-2; Plaintiff's response, ECF No. 124; Defendants' reply, ECF No. 125; Plaintiff's sur-reply, ECF No. 126; and the record in this matter.  After careful review of these materials, the Motion is **GRANTED**.

I.    **BACKGROUND**[1]

This case arises from the fees Defendants charge Plaintiff for printouts and photocopies of legal papers.  *See generally* ECF No. 1.

---

[1] A party moving for summary judgment must file "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  D. Conn. L. Civ. R. 56(a)1.  "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted . . . unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party . . . , or the Court sustains an objection to the fact."  *Id.*   Plaintiff has not filed a Rule 56(a)2 statement, so Defendants' asserted facts might be deemed admitted, but given that Plaintiff is self-represented, and that the parties generally agree to the material facts, the court will not penalize Plaintiff for the oversight.  This background, though, is taken from Defendants' SOF.  Disputes will be noted where appropriate.

1

It is undisputed that in March 2020, as to a case in state court Plaintiff filed against certain Department of Correction ("DOC") officials,[2] the presiding judge (*Hon. Robert E. Young, J.*) issued a ruling finding that although Plaintiff had over $13,000 in his inmate account at the time, because that money derived from social security payments, he qualified as indigent under relevant statute, *see* Conn. Gen. Stat. § 52-259b, such that his court fees were waived.[3]  *See generally*, ECF No. 112-15.

Around the time this ruling issued, Plaintiff began telling DOC staff that he should not be charged for printouts and photocopies because he had a court order saying that he is indigent.  DOC has a policy of charging all inmates for photocopies unless they have less than $5 in their inmate account.[4]  *See* ECF No. 112-16 and 112-17, A.D. 3.10(3)(a) and 3.10(8).  DOC staff consulted with counsel as to Plaintiff's assertion, and were told via email that the ruling was specific to indigency with respect to court fees, and that nothing in the ruling required DOC to exempt Plaintiff from their usual policy.   In consequence of that advice, DOC has continued to charge Plaintiff.

## II.    **<u>LEGAL STANDARD</u>**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists if 'the evidence is such

---

[2]  *Gawlik v. Semple*, No. NNH-CV19-5044843-S (Conn. Super. Ct. Mar. 16, 2020).
[3] This apparently was consistent with a prior court's finding in a separate action, *State of Connecticut v. Gawlik*, HHD-CV15-5039424 (Conn. Super. Ct. Mar. 8, 2016), but that earlier case does not otherwise have direct relevance here.
[4] DOC's definition of indigency excludes individuals who have had at least $5 in their inmate account at any time in the 90 days prior to the request, but this detail is not relevant here.

that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Substantive law determines which facts are material.  *Anderson*, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense . . . ."  *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  The court resolves all ambiguities and draws all permissible factual inferences in favor of the non-moving party.  *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012).  But the nonmoving party cannot simply "rely on conclusory allegations or unsubstantiated speculation," and "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (*Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir.2011)) (internal quotation marks omitted).  To defeat a motion for summary judgment, the nonmoving party must offer concrete evidence upon which "the jury could *reasonably* find for the plaintiff."  *Anderson*, 477 U.S. at 252 (emphasis in original).

III.    **DISCUSSION**

The court begins by noting that there is but a single remaining claim in this action: retaliation in violation of the First Amendment.  *See generally* ECF No. 25.  This claim is predicated upon Plaintiff's allegations that Defendants charged him for printouts and photocopies in retaliation for the lawsuits he filed against DOC officials in state court. Plaintiff raises a number of arguments and allegations (which might even be characterized as new claims) not relevant to First Amendment retaliation, including accusations of a conspiracy amongst Defendants, claims that he has been denied access to the courts, assertions that DOC is not permitted to charge inmates for copies under Connecticut's Freedom of Information Act,[5] and argument that DOC's fee policy is invalid under Connecticut's adoption of the Uniform Administrative Procedures Act.  Because none of these assertions is at all germane to the specific inquiry before the court, they will all be disregarded herein.

Turning, then, to the merits of the Motion, Defendants argue that they are entitled to summary judgment on both procedural and substantive grounds.  Procedurally, they contend that Plaintiff failed to exhaust his administrative remedies before filing suit. Substantively, they say Plaintiff fails on the merits of his retaliation claim, and in any case, that they are entitled to qualified immunity.  The court begins with the former argument.

---

[5] The court did consider this argument insofar as the imposition of unlawful fines may support an inference of retaliation, but the premise itself is false.  Plaintiff cites to *Food Servs. Div. v. Freedom of Info. Comm'n*, No. HHB-CV074014939, 2008 WL 2068202 (Conn. Super. Ct. Apr. 30, 2008), for support, but that case arose from an older version of relevant DOC policy that required fees for copies to be retained as a pending obligation where an inmate had insufficient funds to satisfy the charge immediately. The court merely upheld the Commission's determination that DOC cannot define "indigence" such that a complete fee waiver is not possible.  Clearly, that is not the situation presented here, and so the court need not consider this argument any further.

### A. <u>Exhaustion</u>

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies prior to filing a federal lawsuit regarding prison conditions. 42 US.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life . . . ."). A claim is not exhausted until the inmate complies with all administrative deadlines and procedures, as laid out in relevant prison directives. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Failure to exhaust is an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), and "defendants have the burden of showing that there is no genuine issue of material fact as to exhaustion that would preclude summary judgment," *Johnson v. Mata*, 460 Fed. App'x 11, 15 (2d Cir. 2012). The exhaustion defense also is waivable. *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) ("We today . . . hold that this defense [of exhaustion under the PLRA] is waiveable."). Generally speaking, in this circuit it is sufficient to plead an affirmative defense in an answer (without any requirement that an argument be brought in a dispositive motion), *see Villante v. VanDyke*, 93 F. App'x 307, 309 (2d Cir. 2004) ("We have, however, never required defendants who have properly pled the defense in their answer to also file a motion for summary judgment on exhaustion grounds in order to preserve the defense."), but the United States Court of Appeals for

the Second Circuit has found this specific affirmative defense to have been abandoned in certain circumstances, *see, e.g., Handberry v. Thompson*, 436 F.3d 52 (2d Cir.), *opinion amended on reh'g*, 446 F.3d 335 (2d Cir. 2006); *Testman*, 380 F.3d at 695.

The court posits that Defendants may have waived the defense here.

Defendants appeared, through counsel, on March 21, 2022.  ECF No. 34.  On that same day, the court (*Hon. Sarah A. L. Merriam, J.*) issued a scheduling order in which Her Honor invited early dispositive motions, stating, "If a defendant believes that there is a sound basis to assert that the matter should be dismissed for failure to exhaust administrative remedies, but that such a question must be determined by a motion for summary judgment rather than a motion to dismiss, defendants may file a preliminary motion for summary judgment . . . on that issue."  ECF No. 37 at 4.  The order also explicitly states that filing an early motion for summary judgment based on exhaustion will not preclude the filing of a later motion for summary judgment.  *Id.*  By the deadline set in that order, Defendants filed a motion to dismiss, ECF No. 56, in which they failed to raise exhaustion at all, despite Judge Merriam's express solicitation of such argument.

The Connecticut Office of the Attorney General is sophisticated counsel, regularly appearing in this court to defend against civil rights claims, and it appropriately may be deemed to have a thorough understanding of the procedural defense of exhaustion. Moreover, the benefit of this defense ("the right *not* to face a decision on the merits") is lost where it is not asserted as early as possible.  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original); *see also Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1155 (2d Cir. 1968) (stating that an affirmative defense must be

6

pleaded at the "earliest possible moment."). Defendants' failure to raise the defense as early as possible resulted in a protracted discovery process due to the need to depose Plaintiff in prison, *see* ECF No. 99; *see also* ECF No. 112-4 (documenting a remote deposition lasting over two hours, through which the parties and the court reporter withstood several technological delays), and discovery disputes (which included an objection to Plaintiff's deposition, ECF No. 100, and the need for in camera review of certain discovery, ECF No. 108), which are at the heart of the time- and resource-saving benefits exhaustion confers. Further, there is no clear reason why exhaustion could not have been raised earlier. The relevant proof of Plaintiff's efforts at exhaustion was in DOC's possession for the entire pendency of this matter. *See Testman*, 380 F.3d at 695 (citing the fact that the defendants were in possession of all materials related to exhaustion even before discovery). Given all this, the court finds it difficult to excuse Defendants' failure to assert this defense in its early dispositive motion, as it was explicitly encouraged to do.

Moreover, though, the court disagrees with Defendants on the merits of their exhaustion defense. Defendants concede that Plaintiff exhausted at least *two* grievances based upon his professed indigency and consequently-improper charges for copies, but they assert that these do not satisfy the exhaustion requirement because Plaintiff did not (1) specifically name each Defendant, and (2) use the word "retaliate." But "nothing in the [PLRA] imposes a 'name all defendants' requirement," and Defendants have pointed to no such requirement within the administrative directives. *Jones*, 549 U.S. at 217. Nor do the administrative directives require any more detail than stating the problem and

remedy requested.  *See* ECF No. 112-16 and 112-17, A.D. 3.10(3)(a) and 3.10(8); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (noting that exhaustion requires a "level of detail necessary in a grievance to comply with the grievance procedures.") (quoting *Jones*, 549 U.S. at 218).  It does not require an inmate to include an offending officer's supposed motivations for the problematic conduct.  Thus, the court finds that Plaintiff did exhaust his administrative remedies within the meaning of the PLRA.

The court now turns to Defendants' merits argument.

### B. Merits

In order to state a retaliation claim, Plaintiff must allege facts establishing three elements: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)).

It is undisputed that the filing of a lawsuit is protected action, and thus the first element is satisfied.  But Defendants assert that Plaintiff has failed to show that charging him for printouts and photocopies is an adverse action, and even if it is an adverse action, he has failed to establish the requisite causal connection.

An adverse action is one which would "deter a similarly situated person of ordinary firmness from exercising his right to speech."  *Id.* at 93–94.  At initial review, the court noted, "Common sense dictates that financial penalties or costs may serve as deterrents." ECF No. 25 at 26.  It reiterated this point in ruling on Defendants' motion to dismiss.  ECF No. 95 at 14–15.  But at those points in litigation, it was unclear how many copies plaintiff

8

was charged for in comparison to the number given free of charge to other inmates. Thus, the court could not determine whether the expense was great enough to qualify as an adverse action for the purpose of a constitutional claim.

Defendants have now produced competent evidence to show (1) that Plaintiff had been charged for, and had paid for, photocopies before the state court ruled him indigent, *see* ECF No. 124 at 32, ¶ 6 (agreeing that Mr. Gawlik began demanding free copies only in March 2020); *id.* at 41 ¶¶ 11–12 (agreeing that Plaintiff had been charged for, and had paid for, charges for copies before March 2020, when he began claiming he should "no longer" be charged for copies); (2) that over the course of the two years between May 2020 and June 2022, Plaintiff was charged a total of $440 for printouts and photocopies, *see* ECF No. 112-1 at 15–16 (citing printouts of expenditures of Mr. Gawlik's inmate account over this period, themselves docketed at ECF No. 112-18); and (3) that all inmates during the relevant period were charged for all photocopies unless they satisfied DOC's indigency standard, *see* ECF Nos. 112-16 and 112-17. Plaintiff refutes only the third of these alleged facts, and only then in conclusory terms. He repeatedly asserts that DOC charges inmates arbitrarily for printouts and photocopies, but he has produced no evidence whatsoever to support his allegation that DOC treats him differently from other prisoners. He has not provided declarations or affidavits from other inmates who similarly are not indigent by DOC's definition, but who receive free copies. Indeed, he has not even specifically identified any such individual.

Thus, the court finds that no reasonable juror could find in Plaintiff's favor upon these facts. In the first instance, a reasonable jury could find the amount charged to be

de minimis, such that it cannot be the basis of a constitutional claim. But at summary judgment, the court is obliged to make all reasonable inferences in Plaintiff's favor, and it must be acknowledged that $440 may well be a substantial and prohibitive sum for an incarcerated individual such that a charge in that amount might dissuade an inmate of ordinary firmness from exercising his constitutional rights. However, even accepting the charge as an adequate adverse action, absent some evidence that the charge to Plaintiff was either a departure from DOC's practices as to Plaintiff himself, or as to other inmates, there is nothing from which a jury reasonably could conclude that the charges bore any relation to Plaintiff's participation in litigation against DOC. To the contrary, it appears that DOC always has charged Plaintiff for copies, but that he only objected to those charges after he was found indigent by the court's standard.

Accordingly, Plaintiff has failed to raise a genuine dispute as to the material facts asserted by Defendants, and so Defendants' undisputed facts entitle them to judgment.

## IV.   CONCLUSION

For the reasons discussed herein, the court **GRANTS** the Motion. The Clerk of Court is asked to please enter judgment consistent with this order and to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 23rd day of June, 2026.

_____/s/_____
Omar A. Williams
United States District Judge
